# EXHIBIT C

Exhibit C

12/20/2019 2:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39436561
By: C Ougrah
Filed: 12/20/2019 2:34 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LEE & CHARLETHA HENRY, | § | IN THE DISTRICT COURT OF |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY, | § | |
| DEFENDANT. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs LEE & CHARLETHA HENRY ("Plaintiffs") file this Plaintiffs' Original Petition against Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("Defendant") and for cause of action would show the following:

### I.   PARTIES

1.   Plaintiffs, LEE & CHARLETHA HENRY, are individuals residing in Harris County, Texas.

2.   Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, is an insurance company doing business in the State of Texas and may be served with process by serving their registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever they may be found.

3.   In the event any parties are misnamed or are not included herein, Plaintiffs contend that such was a "misidentification," "misnomer," and/or that such parties are/were "alter egos" of the parties named herein

### II.   JURISDICTION

4.   The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this court's minimum jurisdictional requirements.

1

5.  Plaintiffs seek monetary relief from Defendant under $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. TEX. R. CIV. P. R. 47(C)(1).

### III.   VENUE

6.  Venue is permissive in Harris County under Texas Civil Practice and Remedies Code § 15.002(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### IV.   DISCOVERY CONTROL PLAN

7.  Plaintiffs intend to conduct discovery under Discovery Plan III.

### V.   REQUEST FOR DISCLOSURE

8.  Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l).

### VI.   FACTUAL BACKGROUND

9.  During the spring of 2019, Plaintiffs' house at 5714 Ancient Oaks Dr., Humble, Harris County, Texas 77346 (the "Property") suffered an interior water leak at a second flood bathroom, causing damage throughout the Property's kitchen area (the "Incident").

10. At the time of the Incident, Plaintiffs insured the Property through Defendant.

11. Plaintiffs promptly notified Defendant of the Incident.

12. Since the time of the Incident, Plaintiffs have worked tirelessly to obtain full and proper coverage from Defendant.

13. Instead, Defendant has chosen to delay remediation at the Property and has refused to compensate Plaintiffs for their damages.

14. Defendant has given Plaintiffs the runaround for months, refusing to provide coverage and

2

assistance for Plaintiffs.

15. Despite Plaintiffs' payment for their insurance policy, Defendant refuses to honor that policy.

16. Currently, it will cost $57,493.93 to repair the Property's kitchen.

17. These repairs require removal of cabinets, sheetrock, insulation, and other labor-intensive work.

18. All of the costs to repair the Property are Defendant's responsibility and obligation.

19. Plaintiffs have already had to live in the water-damaged Property for half a year, unable to fully use the kitchen

## VII.      COUNT I– BREACH OF CONTRACT

20. Plaintiffs incorporate all of the previous paragraphs by reference.

21. Plaintiffs and Defendant entered into an insurance policy whereby Defendant agreed to insure Plaintiffs' Property in exchange for Plaintiffs' payment of the insurance policy.

22. Defendant breached the contract by failing to cover the costs associated with fully remediating the Property.

23. Defendant's breach caused injury to Plaintiffs in the amount of at least $57,493.93.

24. **ATTORNEY'S FEES.** Plaintiffs are entitled to recover reasonable and necessary attorney's fees under Texas Civil Practice and Remedies Code § 38.001(8). Plaintiffs have abided by the procedure found in Texas Civil Practice and Remedies Code § 38.002. Plaintiffs are also entitled to recover reasonable and necessary attorney's fees for any appeals.

## VIII.     COUNT II- TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

25. Plaintiffs incorporate all of the previous paragraphs by reference.

26. Plaintiffs are a consumer, as they purchased insurance from Defendant.

27. Defendant is a defendant who may be sued under the DTPA.

28. Defendant committed a wrongful act under Texas Business & Commerce Code § 17.50(a). Defendant engaged in a false, misleading, or deceptive act or practice included in the DTPA "laundry list" under Texas Business & Commerce Code § 17.46(b) that Plaintiffs detrimentally relied on. To wit, Defendant engaged in the following conduct:

    a.  caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; TEX. BUS. & COMM. CODE § 17.46(B)(2);

    b.  caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another; TEX. BUS. & COMM. CODE § 17.46(B)(3);

    c.  represented that goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they did not have; TEX. BUS. & COMM. CODE § 17.46(B)(5);

    d.  represented that goods or services were of a particular standard, quality, or grade, or that goods are of a particular style or model, when they were of another; TEX. BUS. & COMM. CODE § 17.46(B)(7);

    e.  advertised goods or services with intent not to sell them as advertised; TEX. BUS. & COMM. CODE § 17.46(B)(9);

    f.  represented that an agreement conferred or involved rights, remedies, or obligations which it did not have or involve, or which were prohibited by law; TEX. BUS. & COMM. CODE § 17.46(B)(12);

    g.  knowingly made false or misleading statements of fact concerning the need for parts, replacement or repair service; TEX. BUS. & COMM. CODE § 17.46(B)(13);

Unofficial Copy Office of Marilyn Burgess District Clerk

h.  represented that a guaranty or warranty confers or involves rights or remedies which it does not have or involve; TEX. BUS. & COMM. CODE § 17.46(B)(20);

i.  represented that work or services had been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced; TEX. BUS. & COMM. CODE § 17.46(B) (22); and

j.  failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiffs into a transaction into which Plaintiffs would not have entered had the information been disclosed; TEX. BUS. & COMM. CODE § 17.46(B)(24).

29. Defendant also committed unconscionable actions or courses of action under Texas Business and Commerce Code § 17.50(a)(3).

30. Defendant's violations of the DTPA were a producing cause of Plaintiffs' damages in an amount no less than $57,493.93.

31. **DEFENDANT ACTED KNOWINGLY.** Defendant knowingly violated the DTPA because at the time of the act or practice complained of, Defendant acted with actual awareness of the falsity, deception, or unfairness of the act or practice under Texas Business & Commerce Code § 17.45(9).

32. **DEFENDANT ACTED INTENTIONALLY.** Defendant intentionally violated the DTPA because Defendant had actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition, defect, or failure constituting a breach of warranty giving rise to the Plaintiffs' claim, coupled with the specific intent that the Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness under Texas Business & Commerce Code § 17.45(13).

33. **ATTORNEY'S FEES.** Plaintiffs are entitled to recover reasonable and necessary attorney's fees under Texas Business & Commerce Code § 17.50(d). Plaintiffs are entitled to recover reasonable and necessary attorney's fees for any appeals.

## IX.    COUNT III- COMMON LAW FRAUD

34. Plaintiffs incorporate all of the previous paragraphs by reference.

35. Defendant made representations to Plaintiffs regarding the insurance sold and provided by Defendant for Plaintiffs' Property.

36. The representations made by Defendant were material and integral to Plaintiffs in purchasing insurance from Defendant.

37. The representations made by Defendant were false because the insurance did not provide relief that Defendant represented it would have.

38. When Defendant made the representations, Defendant either knew those representations were false or made the representations recklessly, as a positive assertion, and without knowledge.

39. Defendant intended for Plaintiffs to rely upon their representations.

40. Plaintiffs did indeed rely on Defendant's representations.

41. Defendant's representations caused injury to Plaintiffs in an amount no less than $57,493.93.

## X.    COUNT IV- VIOLATIONS OF TEXAS INSURANCE CODE

42. Plaintiffs incorporate all of the previous paragraphs by reference.

43. Defendant violated Texas Insurance Code §§ 541.051-.061, 541.151-.152, which prohibit unfair insurance practices.

44. Defendant violated the requirements of Tex. Ins. Code Ann. §§ 542.051-.061 by failing to accept or reject Plaintiffs' claim or give Plaintiffs notice within the required time limits.

6

45. Specifically, Defendant misrepresented the terms and benefits of the insurance policy sold to Plaintiffs; did not, in good faith, effectuate a prompt, fair and equitable settlement; failed to provide anything in writing regarding the basis for their refusal to pay for damages covered by Plaintiffs' insurance policy; failed to properly investigate the claims of the Plaintiffs; and acted in bad faith in denying Plaintiffs' claims.

46. Based on the facts stated herein and any other information presented to this court, Defendant's actions were a direct and proximate cause of the damages Plaintiffs suffered.

## XI.   REQUEST FOR EXEMPLARY DAMAGES

47. Plaintiffs incorporate all of the previous paragraphs by reference.

48. Pursuant to Texas Civil Practice and Remedies Code Chapter 41, Plaintiffs seek an award of exemplary damages against Defendant.

49. Plaintiffs seek an award of exemplary damages against Defendant for their fraud committed against Plaintiffs.

50. Defendant's conduct was outrageous, malicious, or otherwise morally culpable, entitling Plaintiffs to an award of exemplary damages to deter such conduct in the future.

## XII.   JURY DEMAND

51. Plaintiffs demand a jury trial in this case pursuant to Texas Rule of Civil Procedure 216 and tender the appropriate fee with this petition.

## XIII.   CONDITIONS PRECEDENT

52. All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

## XIV.   **PRAYER**

53. For these reasons, Plaintiffs ask that the Court issue citations for Defendant to appear and answer, and that Plaintiffs be awarded a judgment against Defendant for the following:

a.  Actual damages;

b.  Prejudgment and postjudgment interest;

c.  Court costs;

d.  Attorney's fees;

e.  Exemplary damages;

f.  Additional DTPA damages and treble damages;

g.  Expert costs;

h.  Loss of use for the Property and its improvements;

i.  Stigma damages to the Property;

j.  Out of pocket damages;

k.  Sunk costs;

l.  Cost of mitigation damages;

m.  Cost of substitute performance damages;

n.  Past and future mental anguish;

o.  Partial destruction of personal property- cost of repair and loss of use during repair; and

p.  And all other relief to which Plaintiffs are entitled.

Respectfully submitted,

**THE WELSCHER MARTINEZ LAW FIRM**

/s/ Nicholas Martinez
Craig Welscher
TBN: 21167200
Nicholas T. Martinez
TBN: 24087986
1111 North Loop West, Suite 702
Houston, Texas 77008
Phone. No.: (713) 862-0800
Facsimile No.: (713) 862-4003
Email: nmartinez@twmlawfirm.com
ATTORNEY FOR PLAINTIFFS

12/20/2019 2:34:02 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39436561
By: Ougrah, Chancesas
Filed: 12/20/2019 2:34:02 PM

# CIVIL CASE INFORMATION SHEET (REV. 2/13)

CAUSE NUMBER (FOR CLERK USE ONLY): _____ COURT (FOR CLERK USE ONLY): _____

STYLED Lee & Charletha Henry v.Allstate Vehicle and Property Insuran...

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| Name: Nicolas Martinez | Email: nmartinez@welscherlaw.com | Plaintiff(s)/Petitioner(s): | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 1111 North Loop West, Suite 702 | Telephone: 713-862-0800 | Charletha Henry | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, Texas 77008 | Fax: 713-862-4003 | Defendant(s)/Respondent(s): Allstate Vehicle and Property Insurance Company | Custodial Parent: Non-Custodial Parent: |
| Signature: | State Bar No: 24087986 | (Attach additional page as necessary to list all parties) | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| Debt/Contract | ☐ Assault/Battery | ☐ Eminent Domain/ | ☐ Annulment | ☐ Enforcement |
| ☒ Consumer/DTPA | ☐ Construction | Condemnation | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Partition | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Quiet Title | ☐ With Children | |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Trespass to Try Title | ☐ No Children | **Title IV-D** |
| | ☐ Legal | ☐ Other Property: | | ☐ Enforcement/Modification |
| *Foreclosure* | ☐ Medical | | | ☐ Paternity |
| ☐ Home Equity—Expedited | ☐ Other Professional | | | ☐ Reciprocals (UIFSA) |
| ☐ Other Foreclosure | Liability: | **Related to Criminal** | | ☐ Support Order |
| ☐ Franchise | | **Matters** | | |
| ☐ Insurance | ☐ Motor Vehicle Accident | ☐ Expunction | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Landlord/Tenant | ☐ Premises | ☐ Judgment Nisi | ☐ Enforce Foreign | ☐ Adoption/Adoption with |
| ☐ Non-Competition | *Product Liability* | ☐ Non-Disclosure | Judgment | Termination |
| ☐ Partnership | ☐ Asbestos/Silica | ☐ Seizure/Forfeiture | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Other Contract: | ☐ Other Product Liability | ☐ Writ of Habeas Corpus— | ☐ Name Change | ☐ Child Support |
| | List Product: | Pre-indictment | ☐ Protective Order | ☐ Custody or Visitation |
| | | ☐ Other: | ☐ Removal of Disabilities | ☐ Gestational Parenting |
| | ☐ Other Injury or Damage: | | of Minority | ☐ Grandparent Access |
| | | | ☐ Other: | ☐ Parentage/Paternity |
| | | | | ☐ Termination of Parental |
| **Employment** | **Other Civil** | | | Rights |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | ☐ Other Parent-Child: |
| ☐ Retaliation | ☐ Antitrust/Unfair | ☐ Perpetuate Testimony | | |
| ☐ Termination | Competition | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Code Violations | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Foreign Judgment | ☐ Other: | | |
| | ☐ Intellectual Property | | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Unofficial Copy Office of Marilyn Burgess District Clerk

12/20/2019 2:34:02 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39436561
By: Ougrah, Chanceas
Filed: 12/20/2019 2:34:02 PM

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types):** Plaintiff's Original Petition with Request for Disclosure & Jury Demand

**FILE DATE OF MOTION:** 12/20/2019
Month/          Day/          Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. **NAME:** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY via its Registered Agent

   **ADDRESS:** 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever they may be found

   **AGENT,** *(if applicable)*: C T Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** *(see reverse for specific type)*: **Citation**

**SERVICE BY** *(check one)*:

- ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
- ☒ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Lucious Buggs, IV.   Phone: (281) 250-6041
- ☐ **MAIL**                                          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:   ☐ **COURTHOUSE DOOR, or**
                                      ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* Please place the issued Citation and Plaintiff's First Amended Petition in Civil Process Box #209
     (Copy Quest Reproduction Services) and contact Lucious Buggs, IV. for pickup and Service.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. **NAME:** _____

   **ADDRESS:** _____

   **AGENT,** *(if applicable)*: _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** *(see reverse for specific type)*: _____

**SERVICE BY** *(check one)*:

- ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
- ☒ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Lucious Buggs, IV.   Phone: (281) 250-6041
- ☐ **MAIL**                                          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:   ☐ **COURTHOUSE DOOR, or**
                                      ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:** Nick Martinez                          **TEXAS BAR NO./ID NO.** 24087986

**MAILING ADDRESS:** 1111 North Loop West, Suite 702  Houston, Texas 77008

**PHONE NUMBER:** (713) 862-0800            **FAX NUMBER:** (713) 862-4003
                     area code   phone number                       area code   fax number

**EMAIL ADDRESS:** service@welscherlaw.com





# MARILYN BURGESS

### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

## CAUSE NUMBER 2019-89494

**ATY**  **CIV X**  **COURT 189**

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

**\*ATTORNEY: MARTINEZ NICHOLAS T**  **PH: 713-862-0800**

**\*CIVIL PROCESS SERVER: COPY QUEST REPRODUCTION**  **FOR PICK UP: 209**

**\*PH: 281-250-6041**

**\*PERSON NOTIFIED SVC READY:**

**\* NOTIFIED BY:**

**\*DATE:** _____

---

Type of Service Document: Citation       Tracking Number 73707980
Type of Service Document:                Tracking Number
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____

**Process papers prepared by:** *C. Gilbert*

**Date:** 12/20/19                **30 DAYS WAITING 1/20/20**

---

**\*Process papers released to:** _____ Lucious G. Buggs _____
_281 250 6041_               (PRINT NAME)
**\*(CONTACT NUMBER)**          _____
                              (SIGNATURE)

**\*Process papers released by:** _____ **Lisa Thomas** _____
                              (PRINT NAME)

                              _____ Lisa Thomas _____
                              (SIGNATURE)

**\* Date:** _Dec 27_, 2019  **Time:** _11:25_ (AM)/ PM

---

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

**Entire document must be completed**   **(do not change this document)**   Revised 1/3/2019

1/10/2020 4:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39871269
By: Deandra Mosley
Filed: 1/10/2020 4:09 PM

CAUSE NO.   201989494

RECEIPT NO.                          0.00      CIV

＊＊＊＊＊＊＊＊＊＊            TR # 73707980

PLAINTIFF: HENRY, LEE                                   In The    189th
               vs.                                      Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY    of Harris County, Texas
                                                                189TH DISTRICT COURT
                                                                Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
    BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM
    OR WHEREVER THEY MAY BE FOUND
    1999  BRYAN STREET SUITE 900    DALLAS  TX  75201
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>20th day of December, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 23rd day of December, 2019, under my hand and
seal of said Court.

<u>Issued at request of</u>:
MARTINEZ, NICHOLAS THOMAS                     MARILYN BURGESS, District Clerk
1111  NORTH LOOP WEST SUITE 702               Harris County, Texas
                                              201 Caroline, Houston, Texas 77002
HOUSTON, TX  77008                            (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 862-0800                           Generated By: GILBERT, COURTNI NICOLE
<u>Bar No.</u>:  24087986                           U5U//11405676

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____

_____ of _____County, Texas

_____        By _____
        Affiant                                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the

## CAUSE NO. 2019-89494

| LEE HENRY | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | § | |
| Defendant. | § | 189TH JUDICIAL DISTRICT |

### AFFIDAVIT OF SERVICE - CERTIFIED MAIL

"The following came to hand on **Dec 27, 2019, 11:25 am**,

CITATION, PLAINTIFF'S ORIGINAL PETITION,

and was executed on **Thu, Jan 02 2020** by mailing to **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY THROUGH ITS REGISTERED AGENT C T CORPORATION SYSTEM** at **1999 Bryan St SUITE 900, Dallas, TX 75201**, by regular mail and by Certified Mail, Return Receipt Requested, Receipt No. **7018 3090 0001 8300 5894**, a true copy of this citation.

The regular mail envelope **was not** returned. PS Form 3811 was returned on Jan 07, 2020 having been **Signed on Jan 02, 2020 by Kim Hightower** and is attached hereto.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Lucious G. Buggs IV**, my date of birth is **10/24/1970**, and my address is **7535 Cypress Edge Dr, Cypress, TX 77433**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Harris** County, State of **TX**, on **January 09, 2020**.

**Lucious G. Buggs IV**
**Certification Number: SCH 4127**
**Certification Expiration: 08/31/2020**

Unofficial Copy Office of Marilyn Burgess District Clerk



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Allstate Vehicle and Property Ins. Co
c/o C.T. Corporation System
1999 Bryan St, Suite 900
Dallas, TX 75201

9590 9402 4667 8323 9552 93

2. Article Number (Transfer from service label)

7018 3090 0001 8300 5894

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
Kim Hightower                      JAN 13 2020

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

Unofficial Copy Office of Marilyn Burgess District Clerk

1/13/2020 8:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39884254
By: Iliana Perez
Filed: 1/13/2020 8:29 AM

CAUSE NO. 2019-89494

| | |
|---|---|
| LEE & CHARLETHA HENRY,<br>    Plaintiffs, | IN THE DISTRICT COURT |
| V. | |
| ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE COMPANY,<br>    Defendant. | 189TH JUDICIAL DISTRICT<br><br>HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

## I.  GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.  SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Plaintiff's failure to provide the required notice under §542A.003 prior to the filing of this action constitutes a breach of that statute. Because Plaintiff's failed to give the notice required by §542A.003(b)(2) before filing this action, Plaintiffs are not entitled to recover attorneys' fees

Henry, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0541590971.1

Page **1** of 4

incurred after the date this defense was pled.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## III.  REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.  JURY DEMAND

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.  DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic

Henry, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0541590971.1

Page **2** of **4**

service email address, and service through any other email address will be considered invalid.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, prays that the Plaintiff recover nothing of and from the Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

_____

**MICHAEL MAUS**
TBN:  24008803
811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Henry, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0541590971.1

Page **3** of **4**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the

original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and

correct copy of Defendants' Original Answer has been delivered to all interested parties on the 13th day of

January, 2020, to:

Nicholas T. Martinez
THE WELSCHER MARTINEZ LAW FIRM
1111 North Loop West, Suite 702
Houston, Texas 77008
Email: nmartinez@twmlawfirm.com

ATTORNEY FOR PLAINTIFFS                        *VIA E-SERVE*

**MICHAEL MAUS**

Henry, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0541590971.1

Page **4** of 4

1/14/2020 4:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39956871
By: Ozuqui Quintanilla
Filed: 1/14/2020 4:30 PM

## CAUSE NO. 2019-89494

| | | |
|---|---|---|
| **LEE & CHARLETHA HENRY,** | § | **IN THE DISTRICT COURT OF** |
| **PLAINTIFFS,** | § | |
| | § | |
| **V.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY,** | § | |
| **DEFENDANT.** | § | **189TH JUDICIAL DISTRICT** |

### CERTIFICATE OF WRITTEN DISCOVERY

TO:     Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, by and through their attorney of record, Michael Maus, SUSAN L. FLORENCE & ASSOCIATES, 811 Louisiana St., Ste. 2400, Houston, Texas 77002.

Pursuant to Texas Rules of Civil Procedure, Plaintiffs, LEE & CHARLETHA HENRY, certify they have served the following discovery requests on Defendant:

1. *Plaintiffs' Requests for Disclosure to Defendant;*
2. *Plaintiffs' Requests for Admission to Defendant;*
3. *Plaintiff Lee Henry's First Set of Written Interrogatories to Defendant; and*
4. *Plaintiffs' Requests for Production to Defendant.*

This Certificate of Written Discovery along with a copy of the responses was served upon all known counsel or parties listed below.

1

Respectfully submitted,

**THE WELSCHER MARTINEZ LAW FIRM**

/s/ Nicholas Martinez
Craig Welscher
TBN: 21167200
Nicholas T. Martinez
TBN: 24087986
1111 North Loop West, Suite 702
Houston, Texas 77008
Telephone: (713) 862-0800
Facsimile: (713) 862-4003
Email: nmartinez@twmlawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel of record in the manner required by the Texas Rules of Civil Procedure, on this the 14th day of January, 2020.

***Via Electronic Service***
Michael Maus
Susan L. Florence & Associates
811 Louisiana St., Ste. 2400
Houston, Texas 77002
*Attorney for Defendant*

/s/ Nicholas Martinez
Nicholas T. Martinez

2