Case 4:20-cv-00310   Document 25   Filed on 03/24/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEE & CHARLETHA HENRY, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-310 |
| § | |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Before the Court is the defendant's, Allstate Vehicle and Property Insurance Company (Allstate), motion for summary judgment. (Dkt. No. 15). The plaintiffs, Lee & Charletha Henry (plaintiffs), have filed a response in opposition to the defendant's motion (Dkt. No. 16), and Allstate has timely filed a reply (Dkt. No. 17). After having carefully considered the motion, response, reply, the record, and the applicable law, the Court determines that the defendant's motion for summary judgment should be **GRANTED**.

**II.    FACTUAL BACKGROUND**

Allstate provides vehicle and property insurance to its policyholders. The plaintiffs are Harris County residents that own property at 5714 Ancient Oaks Dr., Humble, Texas 77346 (the Property). Between 2008 and 2018, the plaintiffs filed numerous claims with Allstate regarding damage to the Property. This case concerns the plaintiffs' claim asserting that, in the spring of 2017, a pipe burst in the Property's second-floor bathroom, causing damage to the first-floor kitchen area. Allstate sent the plaintiffs denial letters on December 21, 2018 and December 27, 2018, stating, in relevant part, that their policy did not cover the claimed damage because "[t]he

damage to [sic] kitchen wall and the interior does not appear to be sudden and accidental but the result of ongoing water intrusion from the expansion joint." The plaintiffs subsequently sued Allstate in state court on the following counts: (I) breach of contract; (II) Texas Deceptive Trade Practices Act (DTPA) violations; (III) common law fraud; and (IV) violations of Chapters 541 and 542 the Texas Insurance Code. The plaintiffs filed suit in Texas state court on December 20, 2019, and Allstate timely removed the case to this Court on January 27, 2020. The plaintiffs filed their First Amended Complaint on September 29, 2020. Allstate now moves for summary judgment on all of the plaintiffs' claims.

### III.  THE PARTIES' CONTENTIONS

On Count I, the plaintiffs assert that Allstate breached the parties' insurance contract by failing to cover the costs associated with fully remediating the Property. On Count II, the plaintiffs assert that Allstate engaged in various "false, misleading, or deceptive act[s] or practice[s]" included in the DTPA "laundry list" under Texas Business & Commerce Code § 17.46(b), on which the plaintiffs detrimentally relied in connection with the purchase of their homeowners' policy. On Count III, the plaintiffs assert that Allstate intentionally made materially false representations to the Plaintiffs regarding the policy, on which the plaintiffs relied when making the decision to purchase insurance from Allstate. On Count IV, the plaintiffs assert that Allstate violated various provisions of the Texas Insurance Code by way of unfair practices: failing to accept or reject the plaintiffs' claim or give notice within the required time limits; misrepresenting the terms and benefits of the policy in question; failing to provide in writing the basis for Allstate's denial of coverage; failing to effectuate a prompt, fair and equitable settlement in good faith; failing to properly investigate the plaintiffs' claims; and acting in bad faith in denying the plaintiffs' claims.

Allstate asserts that it is entitled to summary judgment on the plaintiffs' breach of contract claim because: (1) the plaintiffs have failed to submit evidence that would allow for a fact-finder to segregate "covered" damages from "non-covered" damages under the plaintiffs' policy; and (2) the claimed damages did not arise from an accidental or sudden loss, but from a lack of maintenance of the Property, which is not a coverable event under the policy. As to the plaintiffs' extra-contractual claims, Allstate asserts that, under Texas law, such claims do not survive a failure to establish a breach of an insurance contract. Allstate also contends that summary judgment is appropriate because the plaintiffs offer only vague and conclusory statements regarding Allstate's alleged misrepresentations and omissions that are the basis of the plaintiffs' extra-contractual claims.

## IV.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in

3

the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little*, 37 F.3d at 1075. The nonmovant must then "'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (internal citations omitted).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). All "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). In sum, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

4

prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

## V. ANALYSIS AND DISCUSSION

### A. The Plaintiffs' Breach of Contract Claim

In a case claiming breach of an insurance contract under Texas law, the plaintiff must show coverage, that the contract was breached, that the insured was damaged by the breach, and the amount of resulting damages. *Metro Hosp. Partners, Ltd. v. Lexington Ins. Co.*, 84 F. Supp. 3d 553, 569–70 (S.D. Tex. 2015) (citing *Block v. Employers Cas. Co.*, 723 S.W.2d 173, 178 (Tex. App.—San Antonio 1986), *aff'd*, 744 S.W.2d 940 (Tex. 1988)). The Court is of the opinion that Allstate has met its summary judgment burden as to two elements of the plaintiffs' case. First, assuming that the plaintiffs held a homeowners' policy with Allstate during the spring of 2017,[1] the plaintiffs have not produced any substantive evidence that the property damage they claim—water damage to the first-floor kitchen ceiling and cabinets—actually occurred during the policy's coverage period.

The plaintiff, Lee Henry, gave contradictory testimony during his deposition as to when the damage occurred. He referenced "notes" that would indicate the date of the damage, but failed to attach them as evidence. The sole evidence that a loss occurred on the date alleged is contained in Henry's affidavit. There, he states that "[d]uring the spring of 2017 . . . [a] pipe in the second-floor bathroom burst." While the affidavit states that the plaintiffs "promptly notified Defendant of the [i]ncident," it does not specify when the notice was forwarded to Allstate.

---

[1] The plaintiffs, in fact, offer no evidence that they held a homeowners' policy from Allstate covering the property during the "Spring of 2017." The only policy in the record shows a coverage period of July 2, 2017 through July 1, 2018, a period after the purported date of the claimed damage. Proof that the claimed losses occurred during a period in which insurance coverage actually existed on the Property "is an essential element of [an insured's] coverage claim on which the plaintiff bears the burden of proof." *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200 (5th Cir.1993). The Court would be justified in granting summary judgment for Allstate on that basis alone.

5

Additionally, faced with multiple water-damage-related claims filed on the Property, Allstate concluded that the pipe burst on or before March 8, 2017, one of the dates in the claim records. However, the plaintiffs allege that Allstate miscategorized their claim as a "volcano eruption" but, oddly, do not dispute the description of the loss as a "power surge [that] caused damages to the air conditioning unit." Obviously, this is a wholly different type of loss from that claimed in the case at bar. Although the plaintiffs, through the affidavit, also deny making multiple claims in 2017 and 2018, faulting Allstate for erroneously recording numerous entries in its system, that allegation is insufficient to create a genuine fact issue as to the date of the alleged loss. *See Boudreaux*, 402 F.3d at 540 ("[F]actual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.").

The plaintiffs have also failed to produce evidence showing that their 2017 claim for damages was a result of a busted pipe in the spring of 2017. The burden to segregate damages attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof. *Frymire Home Servs v. Ohio Sec. Inc. Co*., NO. 3:19-CV-1938-B, 2020 WL 7259335, at *7 (N.D. Tex. Dec. 10, 2020). Allstate's claim records indicate that the plaintiffs filed multiple claims involving reports of water damage to the Property, including losses on July 1, 2017, August 27, 2017, and March 29, 2018, as well as a claim for damage to the kitchen ceiling on April 20, 2016. Nevertheless, there is no expert testimony or evidence showing that the damage claimed was caused by the spring 2017 pipe burst and not some other event. *See Cagle v. Allstate Texas Lloyds*, No. Civ.A. H-04-2953, 2005 WL 2076145, at *2 (S.D. Tex. Aug. 25, 2005) (holding that subjects that are not "within the general experience or common sense of a lay person," such as the causal relationship between water and mold, require expert testimony).

6

While the plaintiffs offer an expert report based on an inspection of the Property on August 22, 2020, they concede that the report addresses only the estimated cost of repairing the damage observed and fails as to causation. Given the lack of any expert evidence distinguishing the alleged damage from the numerous claims, the plaintiffs have not met their burden of segregating damages.

In sum, because the plaintiffs have failed to create a genuine issue of material fact as to two necessary elements of their breach of contract claim, Allstate is entitled to summary judgment on that claim.

B.    The Plaintiffs' Extra-Contractual Claims

Allstate is also entitled to summary judgment on the plaintiffs' statutory and common law claims. "[W]hen the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010). *See also JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 599 (Tex. 2015) (affirming that when an insurance policy does not cover the insured's claim for benefits, "the insured cannot recover for the insurer's bad faith failure to effectuate a prompt and fair settlement of the claim"). Relatedly, an extra-contractual claim fails if it cannot be established that the insured's conduct caused an injury independent of the claim. See *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 493 (Tex. 2018). Because the plaintiffs offer no evidence of any actual damages apart from those that would "flow[] or stem[] from [Allstate's] denial of benefits" under the plaintiffs' policy, the plaintiffs' extra-contractual claims are barred. *Id.*

Likewise, the plaintiffs' extra-contractual claims fail because they are premised on alleged misrepresentations, failure to disclose information, or deceptive trade practices on the part of Allstate. To prevail, a claimant must specify the time, place, and contents of the alleged misrepresentations or omissions, as well as the person making the misrepresentations or

7

omissions. See *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). The plaintiffs have failed to produce any evidence concerning these claims. Accordingly, all of the plaintiffs' extra-contractual claims, necessarily, fail.

### VI.  CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 24th day of March, 2021.

Kenneth M. Hoyt
United States District Judge